United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Amarjit Singh  
    Debtor

Case No. 16-12053-elf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2      User: PaulP      Page 1 of 1      Date Rcvd: Mar 22, 2017  
                       Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 24, 2017.  
db          +Amarjit Singh,    2612 Franklin Avenue,    Broomall, PA 19008-2106

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                               TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 24, 2017                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 22, 2017 at the address(es) listed below:  
         CHRISTOPHER BOKAS    on behalf of Debtor Amarjit Singh ChristopherBokas@gmail.com, paralegaledp@yahoo.com  
         THOMAS I. PULEO    on behalf of Creditor    Toyota Motor Credit Corporation tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com  
         United States Trustee     USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM C. MILLER    ecfemails@ph13trustee.com, philaecf@gmail.com  
                                                                            TOTAL: 4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Amarjit Singh <br>         Debtor <br><br> Toyota Motor Credit Corporation <br><br>         Movant <br> vs. <br><br> Amarjit Singh <br>         Debtor <br><br> William C. Miller Esq. <br>         Trustee | CHAPTER 13 <br><br> NO. 16-12053 ELF <br><br> 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$1,200.00,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 10, 2017 through February 10, 2017 at $638.00 |
| Suspense Balance: | $76.00 |
| **Total Post-Petition Arrears** | **$1,200.00** |

2. The Debtor(s) shall cure said arrearages in the following manner;

    b). Beginning and continuing through , until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$638.00** on the loan (or as adjusted pursuant to the terms of the loan) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$200.00** towards the arrearages on or before the last day of each month at the address below;

    c). Maintenance of current monthly loan payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice.

If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the loan and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   March 7, 2017

By:   /s/ Thomas Puleo, Esquire
Thomas Puleo, Esquire
Attorney for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: MARCH 20, 2017

Christopher Bokas Esquire
Attorney for Debtor

**O R D E R**

Approved by the Court this 22nd day of March, 2017. However, the court retains discretion regarding entry of any further order.

ERIC L. FRANK
CHIEF U.S. BANKRUPTCY JUDGE